Curia, per

Frost, J.
Pursuant to an arrangement between the parties, the slaves, for the recovery of which this action was brought, were, ,by the written order of the plaintiff, and with the oonsent'of the defendant, delivered to Joseph A. Black, who had páid-to-the plaintiff the principal of the bond, and had covenanted to pay the damages and costs which might be recovered in this suit. If, by this delivery of the slaves to the plaintiff,' Davis and English are discharged from liability as sureties to the trover bond, they have no interest in the event of the suit, and are competent. The Act, 6 Stat. 337, requires the defendant to “ enter into bond, with sufficient security, to the sheriff, $ec. for the production of the chattel sued for, tp satisfy the plaintiff’s judgment,” and'provides that “such specific chattel shall be liable to satisfy thé plaintiff’s judgment, to the exclusion of other creditors.’! It is manifest that the sureties to the bond are not, like bail, liable for the debt, damages and costs, but aré bound only for the production of the chattel. The design of- the Act was to relieve the plaintiff from the -legal effect, of the judgment in trover, which, while it established his right to the chattel sued for, transferred and vested the title to the same in the defendant, and that without satisfaction of the damages recovered. By this operation of the judgment, it might, and did frequently, happen, that the plaintiff got, in. exchange for his property, a barren execution. It was'to remedy this mischief, and to give to the action of trover the effect of an action for the specific recovery of chattels, that the se *144 curity is required from the defendant. By force of the Act, trover, instead of being an action for the recovery of damages for property converted, is made an action to try the title — and differs from detinue, in that damages may be recovered for the detention, and security is provided for the production of the chattel sued for. The bond is required for the'benefit of the plaintiff, being for the satisfaction of his judgment. He alone may demand it, and must give indemnity to the defendant. He may discharge the obligation of the parties by discontinuance of the action. So he may by release of the cause of action. If an action be brought on the bond against the defendant, he may plead the - plaintiff’s release in bar, and so may the sureties. The only objection which can be suggested to this conclusion is, that as the bond is for the satisfaction of the plaintiff’s judgment, in which the costs are included', the officers may have a claim on the bond for the satisfaction of their fees. That such was not the intention, may be inferred from the security being taken only for the production of the property. A lien on the plaintiff’s property, which may be recovered by suit, for the officer’s costs, has no precedent. The obligation to produce the property is subservient to the plaintiff’s right to recover it, and is extinguished by whatever means that right is defeated. In this case, the plaintiff has been paid the principal of the debt, for which, under the mortgage, he acquired a right to the, possession of the negroes. His right has been released by the deed, and the delivery of the negroes to Black ; and he has accepted the covenant of Black to' pay the damages and costs, in discharge of the defendant’s liability. With the right of the plaintiff to recover, the obligation of the defendant and his sureties to produce the negroes, must also be released. Davis and English were then competent witnesses.
The motion is granted.
Richardson, Evans and Wardlaw, JJ. concurred.